BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

IN RE "LITE BEER" TRADEMARK   )    DOCKET NO. 302
LITIGATION                    )

OPINION AND ORDER

BEFORE JOHN MINOR WISDOM, CHAIRMAN, AND EDWARD WEINFELD, EDWIN A. ROBSON, JOSEPH S. LORD, III*, STANLEY A. WEIGEL, ANDREW A. CAFFREY, AND ROY W. HARPER*, JUDGES OF THE PANEL.

PER CURIAM

This litigation consists of five actions filed in five districts -- one each in the Eastern District of Wisconsin, the Western District of Wisconsin, the Northern District of Illinois, the Southern District of New York, and the Eastern District of Missouri.

Four of those actions have been filed by Miller Brewing Co. against Joseph Schlitz Brewing Co. (E.D. Wis.), Peter Hand Brewing Co. (N.D. Ill.), G. Heileman Brewing Co. (W.D. Wis.) and Genesee Brewing Co. (S.D. N.Y.), respectively. The Heileman action was filed on November 1, 1976. The other three actions brought by Miller were filed on October 31, 1975. In its complaints, Miller alleges that in 1972 it acquired from another brewer the "Lite" trademark and brand name for reduced calorie, reduced carbohydrate beer. Miller further recites that it spent large sums of money test marketing an improved low calorie

---

*Judges Lord and Harper took no part in the consideration or decision of this matter.

beer, entering into the national market for low calorie beer, and advertising the new product on a nationwide scale. The four defendants have either begun to market or have made plans to market their own brand of reduced calorie beer. Miller has charged that the defendant brewers, by prominently using the terms "light" or "lyte" in their marketing and advertising for their respective new brands, have imitated a registered trademark in violation of Section 39 of the Lanham Act, have falsely designated the origin of goods in violation of Section 43 of the Lanham Act, and have engaged in unfair competition by misappropriating a brand name and palming off their products as Miller's. Miller seeks injunctions and/or damages in these actions.

The fifth action in this litigation was brought by Anheuser-Busch, Inc. on January 31, 1977, in the Eastern District of Missouri seeking a declaratory judgment against Miller. Anheuser-Busch seeks a judicial determination that (i) "Light" is a generic term, (ii) Anheuser-Busch's proposed labeling for its low calorie beer does not infringe upon any of Miller's rights or constitute unfair competition, (iii) Miller must disclaim the term "Light" in its trademark, (iv) Miller has misused its federal trademark registration and should therefore have its trademark cancelled, (v) Miller's threats of litigation and course of conduct have constituted unfair competition, and (vi) Miller is trying to monopolize the manufacture and sale of light beer.

On January 21, 1977, a preliminary injunction was granted by the district court in the <u>Heileman</u> action enjoining Heilman's marketing of beer containing the words "Light," "Lite" or any colorable imitation thereof. Thereafter, Heileman appealed the preliminary injunction order to the United States Court of Appeals for the Seventh Circuit. That court, in an opinion handed down on August 17, 1977, reversed the district court ruling and held that "'light' is a generic or common descriptive word when applied to beer, [and that] neither that word nor its phonetic equivalent may be appropriated as a trademark for beer." <u>Miller Brewing Company v. G. Heileman Brewing Company, Inc.</u>, No. 77-1246, slip op. at 1 (7th Cir. August 17, 1977).

Pursuant to 28 U.S.C. §1407(c)(i) and Rule 8, R.P.J.P.M.L., 65 F.R.D. 253, 258-59 (1975), the Panel issued an order to show cause why these five actions should not be transferred to a single district for coordinated or consolidated pretrial proceedings.[1/] In a brief letter to the Panel, Peter Hand has stated that it has no objection to transfer, but the remaining parties oppose transfer of their respective actions. Although we recognize the existence of some common questions of fact among these actions, we find that transfer would not necessarily

---

1/  Subsequent to the entry of the show cause order, the Panel has been informed of three other actions which appear to be related to this litigation: <u>Miller Brewing Co. v. Pittsburgh Brewing Co., et al.</u>, E.D. Mo., Civil Action No. 77-0104C(4); <u>Miller Brewing Co. v. Erie Brewing Co.</u>, W.D. Pa., Civil Action No. 77-18 Erie; and <u>Miller Brewing Co. v. Olympia Brewing Co.</u>, W.D. Wash., Civil Action No. C 77-65T.

- 4 -

serve the convenience of the parties and witnesses or promote the just and efficient conduct of the litigation. Accordingly, the order to show cause is vacated.

The predominant questions of fact shared by the actions before us relate to the alleged invalidity of Miller's "Lite" trademark. The recent appellate determination in Heileman that Miller's trademark is invalid, however, could have a dispositive effect upon all other actions, at least regarding the issue of trademark validity, because of the likelihood that parties in the remaining actions will now seek collateral estoppel relief under the principles of Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation, 402 U.S. 313, 91 S. Ct. 1434, 28 L. Ed. 2d 788 (1971). Moreover, it appears from the parties' representations before the Panel that discovery is substantially completed in the Schlitz and Peter Hand actions and that both actions are nearing trial. And the parties to the Genesee action have, with court approval, agreed to stay that action pending the outcome of the other related actions. Under these circumstances, transfer will not further the purposes of Section 1407.

Furthermore, while not in itself determinative, the nearly unanimous opposition of the parties to transfer, coupled with the absence of any party's affirmative support for transfer, is another persuasive factor in our decision to deny transfer. See In re Asbestos and Asbestos Insulation Materials Products Liability Litigation, 431 F. Supp. 906, 910 (J.P.M.L. 1977).

IT IS THEREFORE ORDERED that the show cause order previously entered concerning the actions listed on the following Schedule A be, and the same hereby is, VACATED.

SCHEDULE A

DOCKET NO. 302

| | Civil Action No. |
|---|---|
| <u>NORTHERN DISTRICT OF ILLINOIS</u> | |
| Miller Brewing Co. v. Peter Hand Brewing Co. | 75C3673 |
| <u>EASTERN DISTRICT OF MISSOURI</u> | |
| Anheuser-Busch, Inc. v. Miller Brewing Co. | 77-100-C(2) |
| <u>SOUTHERN DISTRICT OF NEW YORK</u> | |
| Miller Brewing Co. v. Genesee Brewing Co. | 75 Civ 5443 |
| <u>EASTERN DISTRICT OF WISCONSIN</u> | |
| Miller Brewing Co. v. Jos. Schlitz Brewing Co. | 75-C-636 |
| <u>WESTERN DISTRICT OF WISCONSIN</u> | |
| Miller Brewing Co. v. G. Heileman Brewing Co. | 76C584 |